The Court took time until the next morning, when their opinion (excepting the chief justice, who did not sit in the cause) was delivered as follows, by
Sedgwick, J.
The objection now made to the opinf * £79 ] ion * which has, in this case, been delivered by the Court, is, that the jury, by the direction of the judge who tried the cause, were prevented from trying a question of fact, which ought to have been submitted to their consideration. The question of fact on the trial, it is said, was, whether the loss, for which the plaintiffs seek a remedy, was or was not incurred by a breach of blockade; and it is insisted that the plaintiffs ought to have been permitted to prove that there was no breach of blockade. The judge, in conformity to the opinion of the Court, determined that the decree of the Court of Vice-Admiralty was conclusive evidence of this fact; whereas, it is said, that the jury ought to have been permitted to receive other proper evidence to show that the fact, in truth, was otherwise.
The argument of the counsel for the plaintiffs is founded on the fifteenth article of the declaration of rights.
The first answer to be given to this objection is, that the parties had in fact a trial by jury. The action was assumpsit, and the plea *235 non assumpsit, and an issue was founded upon it. On the trial of this issue, a sentence of a Court of Vice-Admiralty was produced, and ruled by the judge, in conformity to the opinion of this Court, to be conclusive evidence of a- fact decisive between the parties. Now, there are certain species of evidence, which, by the known and established rules of law, are conclusive; and it is the duty of a judge conducting a trial, whenever such evidence is produced, to pronounce it so. Ad questiones legis judices, et non juratores respondent. Other evidence is called prima facie, which, unless contradicted or explained, becomes conclusive; and there is other evidence to be weighed by the jury. In each of these instances, the nature of the evidence must be stated and explained to the jury by the judge. Now, it is believed that it was not the intention of the article of the declaration of rights, which has been cited, to alter, or in any degree affect those rules which the law had established for the security of our rights and property, or the relative rights and powers of judges and juries.
* In the next place, at the trial of this cause, there [ * 280 ] was, in truth, no fact in controversy between these parties. This is frequently the case when the trial, in form and appearance, is a controversy of fact. Innumerable instances might be given, but sufficient will occur to every one acquainted with legal proceedings. In such cases the only question is the legal inference to be deducted from the fact. Such was the case here. If the loss sustained by the plaintiffs was incurred by a breach of blockade, they could never recover. To prove this fact, the defendants relied on the decree of the Court of Vice-Admiralty ; and if that was conclusive evidence of the fact, their defence was complete. Whether it was or was not conclusive, was merely a question of law, wholly within the province of the Court, and certainly without that of the jury.
Again ; the opinion of the Court was, that in such a contract ot insurance, as that in this case, it is the understanding of the parties, that if there shall be a condemnation for a breach of neutral duties, the underwriters shall be discharged. If this opinion be correct, — and it cannot now be called in question,—then the decree in this case was conclusive against the plaintiffs.
Upon the whole, we are all of opinion that judgment ought to be rendered on the verdict.

 When this motion was first broken, and the grounds of it suggested to the Court, Sedgwick, J., said he was totally opposed to hearing it, considering the subject to nave been exhausted, and the point settled, by the former decision.